Matter of Stewart v Christopher (2026 NY Slip Op 00513)

Matter of Stewart v Christopher

2026 NY Slip Op 00513

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
SUSAN QUIRK, JJ.

2024-03508
 (Docket No. O-12872-21)

[*1]In the Matter of William Stewart, appellant,
vMichael Christopher, respondent.

Amin Legal Firm, P.C., New York, NY (Fariah Amin of counsel), for appellant.
Law Office of Peter De Vries, PLLC, Brooklyn, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Robert A. Markoff, J.), dated April 15, 2024. The order, insofar as appealed from, after a hearing, denied that branch of the petition which alleged that the respondent committed the family offense of harassment in the second degree and dismissed that portion of the proceeding.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the respondent, his brother-in-law, alleging, inter alia, that the respondent had committed the family offense of harassment in the second degree. After a hearing, the Family Court, among other things, determined that the petitioner failed to establish by a preponderance of the evidence that the respondent committed the family offense of harassment in the second degree against the petitioner, denied that branch of the petition, and dismissed that portion of the proceeding. The petitioner appeals.
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Ramos v West, 234 AD3d 773, 773 [internal quotation marks omitted]; see Family Ct Act § 832; Matter of Richardson v Brown, 173 AD3d 875, 876). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal unless clearly unsupported by the record" (Matter of Ramos v West, 234 AD3d at 773 [internal quotation marks omitted]; see Matter of Richardson v Brown, 173 AD3d at 876).
Here, the Family Court properly determined that the petitioner failed to establish by a preponderance of the evidence that the respondent committed the family offense of harassment in the second degree (see Penal Law § 240.26; Matter of Robinson v Benjamin, 160 AD3d 877, 878; Matter of Johnson v Johnson, 146 AD3d 956, 956; Matter of Marte v Biondo, 104 AD3d 947, 948).
The petitioner's remaining contention is without merit.
Accordingly, the Family Court properly denied that branch of the petition which alleged that the respondent committed the family offense of harassment in the second degree and dismissed that portion of the proceeding.
IANNACCI, J.P., FORD, VENTURA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court